SEPTEMBER 4, 1984

No. A–139.   KNIGHTON v. MAGGIO, WARDEN.   C. A. 5th Cir. Application for certificate of probable cause and stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied.   JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

In this application—presented to us three days after the Fifth Circuit denied an appeal from a first federal habeas petition— Knighton has applied for a stay of his execution scheduled for September 5, 1984.   The stay will enable Knighton to file a full-fledged petition for certiorari.   Even given the time pressures under which it was prepared, the application raises two substantial constitutional questions.

Knighton argues that his jury—which was death-qualified in accordance with *Witherspoon* v. *Illinois,* 391 U. S. 510 (1968)—was improperly constituted because a *Witherspoon*-qualified jury is as a matter of empirical fact more inclined to convict at the guilt phase of the trial than is a jury composed of a fair cross section of the community.   If Knighton is correct, he will have been convicted of a capital offense by a jury that would fail to meet our standards for neutrality in a much less serious offense.

At least one District Court has accepted a claim like that made by Knighton.   *Grigsby* v. *Mabry,* 569 F. Supp. 1273 (ED Ark. 1983), appeal pending, No. 83–2113 (CA8).   One other District Court accepted a similar claim, see *Keeten* v. *Garrison,* 578 F. Supp. 1164 (WDNC 1984), but was recently reversed by the Fourth Circuit, see *Keeten* v. *Garrison,* 742 F. 2d 129 (1984). Yet the District Court here did not even grant Knighton an evidentiary hearing on this point.   And the Court of Appeals inexplicably affirmed the denial of Knighton's habeas petition without rejecting his argument and without deciding it.   The panel held

that the argument "must be directed to other fora, legislative and judicial." *Knighton* v. *Maggio*, 740 F. 2d 1344, 1351 (1984). I do not know why the panel felt unqualified to consider the issue, but Knighton—like any litigant—deserves the opportunity to be put to his proof before some competent forum. By its decision today, the Court has in effect sent him to his death without such an opportunity.

Knighton's claim of ineffective assistance of counsel also seems to me compelling. The murder with which Knighton was charged was a murder of a white proprietor by a black man in the course of a robbery. He was arrested in April and by June he was sentenced to death. Regardless whether this 2-month period could have provided sufficient preparation time even for dedicated attorneys who could singlemindedly devote themselves to the complexities of a capital case, Knighton's appointed attorney seems to have failed to take advantage of even the small amount of time that was available. He spent a shockingly small period of time— six hours in all—interviewing his client. And he seems to have spent no time at all investigating Knighton's background and character in order to put on a defense at the sentencing phase.

If the attorney had been preparing for a trial of a minor felony or some small-scale racket, this kind of preparation may have been enough, at least to meet constitutional requirements. But with his client's life at stake, this minimal effort is insufficient to meet the Constitution's demands that a capital defendant have reasonably effective representation. The failure of representation is particularly glaring in a case like this, where the defendant's previous criminal record was already before the jury, no evidence of mitigating factors seems to have been introduced, and the aggravating circumstances were exceptionally weak. Given this lack of aggravating circumstances—the only clearly valid one being that Knighton committed the murder in the course of a robbery, see *State* v. *Knighton*, 436 So. 2d 1141, 1159 (La. 1983)— Knighton could certainly make out a fair case of prejudice as well.

I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), and would therefore grant the application in this case. But even if I believed otherwise, I would stay the execution in this case—where the entire federal habeas proceedings have taken a little over three months,

only slightly more time than a noncapital defendant is accorded just to *prepare* a petition for certiorari—so that Knighton has the opportunity to prepare a petition for certiorari and this Court has an orderly opportunity to give it fair consideration.